1

**STEVEN P. COHN, ESQ.  SBN 96808**
ADVOCACY CENTER FOR EMPLOYMENT LAW

2

2084 Alameda Way
San Jose, CA 95126

3

Telephone (408) 557-0300
Facsimile (408) 557-0309  E-filing

4

Attorneys for Plaintiff

5

KEVIN MANSFIELD

**Filed**  *Paid*

MAY – 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6

7

ADR

8

9

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

10

### SAN JOSE DIVISION

11

12

**CV 12 – 02237  HRL**

13

KEVIN MANSFIELD,

Case No.

14

Plaintiff,

**COMPLAINT FOR DAMAGES**

15

vs.

1. Failure to Pay Overtime and Minimum
   Wage (California Labor Code

16

§§ 510, 1194(a) and 1815; 29 U.S.C.

17

GILBANE BUILDING COMPANY;
THOMAS F. GILBANE, JR.; WILLIAM J.
GILBANE, JR.; DOES 1 THROUGH 50,
inclusive,

§§ 207, 216(b), and 255(a))

18

2. Failure to Pay Meal Period and Rest
   Break Premiums (California Labor
   Code §§ 226.7 and 512)

19

Defendants

3. Failure to Reimburse Business-Related
   Expenses (California Labor Code

20

§ 2802)

21

4. Violation of Employee Retirement
   Income Security Act (29 U.S.C.

22

§ 1001, et seq.)

23

5. Unfair Competition (California
   Business & Professions Code § 17200,
   et seq.)

24

25

26

**JURY TRIAL DEMANDED**

27

//

28

//

COMES NOW PLAINTIFF KEVIN MANSFIELD and alleges as follows:

## PARTIES

1.     Defendant GILBANE BUILDING COMPANY (hereinafter "GBC"), at all times relevant, is and was a corporation or other business entity conducting business in Santa Clara County, California.

2.     Defendants THOMAS F. GILBANE, JR. and WILLIAM J. GILBANE, JR. are the managing owners who are liable to Plaintiff for unpaid wages and remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

3.     Plaintiff is presently unaware of the true names and capacities of Defendants sued hereinafter as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by such Defendants.

4.     At all relevant times, each of the Defendants was the agent, servant, joint venturer, partner, and employee of each of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting within the course and scope of such agency.

5.     Plaintiff KEVIN MANSFIELD at all times relevant was employed by Defendants as a Project Accountant.

6.     At all times relevant, Plaintiff was an "employee" as defined by and subject to California Industrial Welfare Commission Wage Order 4-2001 (hereinafter "Wage Order 4-2001") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., at § 203(e)(1).

7.     At all times relevant, Defendants, and each of them, were "employers" as defined by and subject to the FLSA, 29 U.S.C. § 201, et seq., at § 203(d).

8.     At all times relevant, Defendant GBC was an "employer" as defined by and subject to Wage Order 4-2001.

**JURISDICTION/VENUE**

9.     This is the proper venue as the actions complained of took place in its jurisdictional limits and at least one Defendant is believed to be located, to reside, and/or to conduct business within its jurisdictional limits, and the employment contract was entered into and to be performed within its jurisdictional limits.

10.     This Court has subject-matter jurisdiction over this matter as it raises a question of federal law under the Fair Labor Standards Act of 1938, as amended ("FLSA"; 29 U.S.C. § 201, et seq.), and the Employee Retirement Income Security Act ("ERISA"; 29 U.S.C. § 1001, et seq.).

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime and Minimum Wage)**

**(California Labor Code §§ 510, 1194(a) and 1815;**

**29 U.S.C. §§ 207(a), 216(b) and 255(a))**

**(Against All Defendants)**

11.     Plaintiff incorporates herein by reference paragraphs 1 through 10 of the Complaint as though set forth in full.

12.     Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and (s) and related Department of Labor Regulations.

13.     Defendants routinely required Plaintiff to work more than eight hours in a day or forty hours in a week; however, Defendants failed to pay Plaintiff wages at an overtime rate of pay, in violation of California Labor Code § 510 and 29 U.S.C. § 207(a), and failed to pay Plaintiff any wages for said overtime hours worked.

14.     In failing to pay Plaintiff overtime wages, and in failing to pay the minimum wage, Defendants, and each of them, willfully violated the applicable FLSA and California Labor Code statutes.

15.     As a proximate result of Defendants' misconduct as aforesaid, Plaintiff incurred

1    damages in the form of lost overtime wages in an amount according to proof and in excess of

2    this court's minimum jurisdictional limits.

3         16.    Pursuant to California Labor Code § 1194, Plaintiff seeks, as earned but unpaid

4    overtime wages and wages for all hours worked, payment at one and a half times the regular

5    rate for all hours worked in excess of 8 hours a day or 40 hours a week, in amounts according to

6    proof and in excess of this court's minimum jurisdiction. Plaintiff is entitled to and additionally

7    seeks an award of pre-judgment interest on the unpaid wages set forth herein.

8         17.    Defendants, and each of them, intentionally, with reckless disregard for their

9    responsibilities under the FLSA and California Labor Code § 510, failed to pay Plaintiff his

10   proper wages, and Defendants are thus liable to Plaintiff for liquidated damages in an amount

11   equal to his lost wages over a three-year statute of limitations, pursuant to the FLSA, 29 U.S.C.

12   §§ 216(b) and 255(a).

13        18.    Plaintiff has incurred attorney's fees in bringing this action, and, as such, is

14   entitled to an award of reasonable attorney's fees and costs under the FLSA and California

15   Labor Code § 1194 in amounts according to proof.

16        19.    At the time of the termination of Plaintiff's employment, Defendants, and each

17   of them, failed to pay Plaintiff for all said unpaid overtime, entitling Plaintiff to liquidated

18   damages and waiting time penalties pursuant to the applicable California Labor Code section(s).

19        WHEREFORE, Plaintiff requests relief as hereinafter set forth.

20

21                    **SECOND CAUSE OF ACTION**

22              **(Failure to Pay Meal Period and Rest Break Premiums)**

23                 **(California Labor Code §§ 226.7 and 512)**

24              **(Against Defendants GBC and Does 1 through 50)**

25        20.    Plaintiff incorporates herein by reference paragraphs 1 through 19 of the

26   Complaint as though set forth in full.

27        21.    Defendants GBC and Does 1 through 50 routinely did not permit Plaintiff to take

28   meal periods or rest breaks as required by California Labor Code §§ 226.7 and 512 and Wage

1  Order 4-2001. Plaintiff was not provided or authorized to take a thirty-minute, uninterrupted

2  meal break, and Plaintiff was not compensated for missed meal periods. Further, Plaintiff was

3  not allowed to take ten-minute rest breaks every four hours of compensable labor performed.

4       22.    Plaintiff did not willfully or voluntarily waive meal or rest periods. Any express

5  or implied waivers obtained from Plaintiff were not willfully obtained or voluntarily agreed to,

6  but rather were a condition of employment or part of an unlawful contract of adhesion.

7       23.    Pursuant to California Labor Code § 226.7 and Wage Order 4-2001, Defendants

8  GBC and Does 1 through 50 were required to provide Plaintiff with ten minutes rest time for

9  every four hours worked, or major fraction thereof, or pay Plaintiff one additional hour of pay at

10 Plaintiff's regular rate of compensation for each work day Defendants prevented Plaintiff from

11 taking his rest breaks. Defendants GBC and Does 1 through 50 never paid Plaintiff one hour of

12 pay to compensate him for Defendants not permitting Plaintiff to take a meal period or rest

13 break.

14      24.    In violation of Labor Code § 226.7 and Wage Order 4-2001, Defendants GBC

15 and Does 1 through 50 prevented Plaintiff from taking meal periods and rest breaks and failed

16 to pay Plaintiff one additional hour of pay for each work day Defendants prevented Plaintiff

17 from taking meal periods and rest breaks.

18      25.    As a proximate result of the aforementioned violations, Plaintiff has suffered

19 damages in an amount according to proof and in excess of this court's minimum jurisdictional

20 limits.

21      26.    As a result of suffering injury from Defendants' aforementioned violations,

22 pursuant to Labor Code §§ 226.7, 218.5, 218.6, 229, and 558, Plaintiff is entitled to recover, and

23 hereby seeks penalties as wages, additional civil penalties in the amount of fifty dollars for the

24 first pay period Plaintiff was underpaid, and one hundred dollars for each subsequent pay period

25 Plaintiff was underpaid, plus interest at the legal rate, costs of suit, and reasonable attorney's

26 fees, in an amount according to proof.

27      WHEREFORE, Plaintiff requests relief as hereinafter set forth.

28 //

1

2

3

4

## THIRD CAUSE OF ACTION

### (Failure to Reimburse Business-Related Expenses)

### (California Labor Code § 2802)

### (Against Defendants GBC and Does 1 through 50)

5   27.   Plaintiff incorporates herein by reference paragraphs 1 through 26 of the

6   Complaint as though set forth in full.

7   28.   Defendants GBC and Does 1 through 50 failed to reimburse Plaintiff for

8   business-related expenses incurred in direct consequence of the discharge of Plaintiff's duties,

9   in violation of California Labor Code § 2802.

10   29.   As a proximate result of Defendants misconduct, as aforesaid, Plaintiff incurred

11   damages in amounts according to proof and in excess of this court's minimum jurisdictional

12   limits.

13   30.   Plaintiff has incurred attorney's fees in bringing this action, and, as such, is

14   entitled to an award of reasonable attorney's fees and costs pursuant to California Labor Code

15   § 2802(c) in amounts according to proof.

16   WHEREFORE, Plaintiff requests relief as hereinafter set forth.

17

18

19

20

21

## FOURTH CAUSE OF ACTION

### (Violation of Employee Retirement Income Security Act)

### (29 U.S.C. § 1001, et seq.)

### (Against Defendants GBC and Does 1 through 50)

22   31.   Plaintiff incorporates herein by reference paragraphs 1 through 30 of the

23   Complaint as though set forth in full.

24   32.   At all times relevant, Plaintiff was engaged in protected activity under the U.S.

25   Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., in that Plaintiff

26   was to receive a non-discretionary bonus, as a percentage of total annual compensation, in the

27   form of contributions by Defendants to Plaintiff's 401(k) retirement fund.

28   33.   Defendants GBC and Does 1 through 50 took adverse employment action against

1    Plaintiff, including, but not limited to, the failure to pay overtime, minimum wage, and meal

2    and rest break premiums, such that Plaintiff's annual compensation was reduced, resulting in a

3    reduction in Defendants' contributions to Plaintiff's 401(k) fund, and such other and further acts

4    according to proof.

5         34.    In doing the acts hereinabove complained of, Defendants GBC and Does 1

6    through 50 acted with the specific intent to violate ERISA and to interfere with Plaintiff's

7    attainment of an entitled right under ERISA.

8         35.    As a proximate result of the conduct of Defendants GBC and Does 1 through 50,

9    Plaintiff was caused to suffer special damages by way of loss of earnings and employment-

10   related benefits in amounts according to proof, and such other and further damages that may be

11   proven at trial, all in amounts in excess of this court's minimum jurisdictional limits.

12        36.    Plaintiff has incurred attorney's fees and costs incident to bringing this action, in

13   amounts according to proof.

14        WHEREFORE, Plaintiff requests relief as hereinafter set forth.

15

16   **FIFTH CAUSE OF ACTION**

17   **(Unfair Competition)**

18   **(California Business & Professions Code §§ 17200, et seq.)**

19   **(Against Defendants GBC and Does 1 through 50)**

20        37.    Plaintiff incorporates herein by reference paragraphs 1 through 36 of the

21   Complaint as though set forth in full.

22        38.    At all times relevant, Plaintiff's employment with Defendants was subject to the

23   FLSA, California Labor Code, and applicable Wage Orders promulgated by the California

24   Industrial Welfare Commission, which required all employees to be paid certain overtime for

25   work performed in excess of 40 hours per week or 8 hours per day, required all employees to be

26   paid one additional hour of pay for each work day in which the employees were prevented from

27   taking meal periods and rest breaks, and required all employees to be reimbursed expenses

28   incurred in direct consequence of the discharge of the employees' duties.

39.     At all times relevant, and within the four years preceding the filing of this action, Defendants GBC and Does 1 through 50 were subject to California's Unfair Competition Law (California Business & Professions Code §§ 17200, et seq.), but failed to comply with the FLSA, California Labor Code, and applicable Wage Orders by failing to pay Plaintiff, a member of the general public, as aforesaid, with Defendants keeping to themselves the amount which should have been paid to Plaintiff, a member of the general public.

40.     In doing so, Defendants GBC and Does 1 through 50 violated California's Unfair Competition Law, Business & Professions Code §§ 17200, et seq., by committing acts prohibited by the applicable FLSA, California Labor Code, and Industrial Welfare Commission Wage Orders, thus giving Defendants a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

41.     As a direct and proximate result of Defendant's misconduct, as aforesaid, Plaintiff's rights under the law were violated and Plaintiff, a member of the general public, incurred damages in amounts according to proof and in excess of this court's minimum jurisdictional limits.

42.     Defendants GBC and Does 1 through 50 have been aware of the existence and requirements of the Unfair Competition Law (Business & Professions Code §§ 17200, et seq.) and the requirements of the applicable state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, a member of the general public, properly as aforesaid.

43.     Plaintiff, a member of the general public, having been illegally deprived of the earnings to which he is legally entitled, herein seeks restitution of such unpaid wages pursuant to California Business & Professions Code § 17203.

44.     Plaintiff has incurred attorney's fees and costs incident to bringing this action, in amounts according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter set forth.

//

**PRAYER**

Plaintiff prays for judgment and an award of damages as follows:

UNDER THE FIRST CAUSE OF ACTION:

1.  For an award of special damages in amounts according to proof;
2.  For an award of penalties and waiting time penalties pursuant to the applicable California Labor Code Section(s);
3.  For an award of liquidated damages pursuant to the applicable section of the FLSA and California Labor Code;
4.  For an award of Plaintiff's costs of suit and reasonable attorneys' fees;
5.  For an award of interest at the legal rate and according to proof; and
6.  For such other and further relief as the Court deems proper.

UNDER THE SECOND CAUSE OF ACTION:

1.  For an award of special damages in amounts according to proof;
2.  For an award of penalties pursuant to the applicable California Labor Code Section(s);
3.  For an award of Plaintiff's costs of suit and reasonable attorneys' fees;
4.  For an award of interest at the legal rate and according to proof; and
5.  For such other and further relief as the Court deems proper.

UNDER THE THIRD AND FOURTH CAUSES OF ACTION:

1.  For an award of special damages in amounts according to proof;
2.  For an award of Plaintiff's costs of suit and reasonable attorney's fees;
3.  For an award of interest at the legal rate and according to proof; and
4.  For such other and further relief as the Court deems proper.

UNDER THE FIFTH CAUSE OF ACTION:

1.  For an award of special damages in amounts according to proof;
2.  For an award of restitution of Plaintiff's unpaid earnings according to proof;
3.  For an award of Plaintiff's costs of suit and reasonable attorneys' fees; and
4.  For such other and further equitable relief as the Court deems proper.

1

2   Dated: April 25, 2012                             ADVOCACY CENTER FOR EMPLOYMENT LAW

3                                   By: _____

4                                     STEVEN P. COHN, ESQ.
                                         Attorneys for Plaintiff

5                                   KEVIN MANSFIELD

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28