DANIELLE L. OCHS, State Bar No. 178677
dot@ogletreedeakins.com
KRYSTAL N. LOPILATO, State Bar No. 263320
krystal.lopilato@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
GILBANE BUILDING COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KEVIN MANSFIELD, | Case No.: CV12-02237 YGR |
| Plaintiff, | |
| vs. | **DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT** |
| GILBANE BUILDING COMPANY; THOMAS F. GILBANE, JR.; WILLIAM J. GILBANE, JR.; DOES 1 THROUGH 50, inclusive, | |
| Defendants. | Action Filed:   May 4, 2012 |

Defendant Gilbane Building Company ("Defendant") hereby responds to Plaintiff Kevin Mansfield's ("Plaintiff") Complaint for Damages ("Complaint") as follows:

### PARTIES

1.      Answering paragraph 1 of the Complaint, Defendant admits that it is a corporation and conducts business in Santa Clara County, California.

2.      Answering paragraph 2 of the Complaint, Defendant denies each and every allegation contained in paragraph 2.

3.      Answering paragraph 3 of the Complaint, Defendant is not required to admit or deny legal conclusions.  To the extent paragraph 3 contains factual allegations, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in that paragraph and on that basis denies each and every allegation contained therein.

4.      Answering paragraph 4 of the Complaint, Defendant denies that Defendants did the "things" alleged in the Complaint and therefore denies that Defendants did those "things" within the course and scope of any agency or otherwise, and on that basis, Defendant denies each and every allegation contained in paragraph 4.

5.      Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff was employed by Defendant Gilbane Building Company as a Project Accountant.  Except as expressly admitted herein, Defendant denies each and every other allegation contained in paragraph 5.

6.      Answering paragraph 6 of the Complaint, Defendant denies that Plaintiff was an employee covered by the statutes and regulations alleged in paragraph 6 and on that basis denies each and every allegation contained therein.

7.      Answering paragraph 7 of the Complaint, Defendant admits that Gilbane Building Company employed Plaintiff.  Except as expressly admitted herein, Defendant denies each and every other allegation contained in paragraph 7.

8.      Answering paragraph 8 of the Complaint, Defendant admits that it was an employer but denies that Plaintiff was an employee covered by the regulations alleged in paragraph 8.

////

////

**JURISDICTION / VENUE**

9.      Answering paragraph 9 of the Complaint, Defendant admits that venue is proper. Except as expressly admitted herein, Defendant denies each and every allegation contained in paragraph 9.

10.      Answering paragraph 10 of the Complaint, Defendant admits that this Court has jurisdiction.  Except as expressly admitted herein, Defendant denies each and every other allegation contained in paragraph 10.

**FIRST CAUSE OF ACTION**

11.      Answering paragraph 11 of the Complaint, Defendant admits only the incorporated allegations of paragraphs 1 through 10 as heretofore admitted in this Answer.  Defendant denies the remaining allegations contained in paragraph 11 by incorporation.

12.      Answering paragraph 12 of the Complaint, Defendant admits that it operates a business enterprise.  Except as expressly admitted herein, Defendant denies each and every other allegation contained in paragraph 12.

13.      Answering paragraph 13, Defendant denies each and every allegation contained therein.

14.      Answering paragraph 14, Defendant denies each and every allegation contained therein.

15.      Answering paragraph 15, Defendant denies each and every allegation contained therein.

16.      Answering paragraph 16, Defendant admits that Plaintiff is seeking the relief alleged in paragraph 16.  Except as expressly admitted herein, Defendant denies each and every other allegation contained in paragraph 16.

17.      Answering paragraph 17, Defendant denies each and every allegation contained therein.

18.      Answering paragraph 18, Defendant denies each and every allegation contained therein.

19.      Answering paragraph 19, Defendant denies each and every allegation contained

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

therein.

## SECOND CAUSE OF ACTION

20.     Answering paragraph 20, Defendant admits only the incorporated allegations of paragraphs 1 through 19 as heretofore admitted in this Answer.  Defendant denies the remaining allegations contained in paragraph 20 by incorporation.

21.     Answering paragraph 21, Defendant denies each and every allegation contained therein.

22.     Answering paragraph 22, Defendant was not required to obtain meal or rest period waivers from Plaintiff and on that basis denies each and every allegation contained therein.

23.     Answering paragraph 23, Defendant denies each and every allegation contained therein.

24.     Answering paragraph 24, Defendant denies each and every allegation contained therein.

25.     Answering paragraph 25, Defendant denies each and every allegation contained therein.

26.     Answering paragraph 26, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

27.     Answering paragraph 27, Defendant admits only the incorporated allegations of paragraphs 1 through 26 as heretofore admitted in this Answer.  Defendant denies the remaining allegations contained in paragraph 27 by incorporation.

28.     Answering paragraph 28, Plaintiff has not specified what business-related expenses he claims were incurred and allegedly not reimbursed.  As a result, Defendant lacks sufficient information or knowledge to form a belief upon which to admit or deny such allegations and on that basis denies each and every allegation contained in this paragraph.

29.     Answering paragraph 29, Defendant denies that plaintiff has suffered damages as a result of Defendant's conduct. Defendant lacks sufficient information or belief upon which to admit or deny any remaining factual allegations in this paragraph and on that basis denies each and

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

every allegation contained therein.

30.     Answering paragraph 30, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

31.     Answering paragraph 31, Defendant admits only the incorporated allegations of paragraphs 1 through 30 as heretofore admitted in this Answer.  Defendant denies the remaining allegations contained in paragraph 31 by incorporation.

32.     Answering paragraph 32, Defendant admits that its 401(k) Plan allows for employer contributions in specified circumstances.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

33.     Answering paragraph 33, Defendant denies each and every allegation contained therein.

34.     Answering paragraph 34, Defendant denies each and every allegation contained therein.

35.     Answering paragraph 35, Defendant denies each and every allegation contained therein.

36.     Answering paragraph 36, Defendant denies that Plaintiff is entitled to recover attorneys' fees or costs.  Defendant lacks sufficient information or belief upon which to admit or deny any remaining factual allegations in this paragraph, and on that basis denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

37.     Answering paragraph 37, Defendant admits only the incorporated allegations of paragraphs 1 through 36 as heretofore admitted in this Answer.  Defendant denies the remaining allegations contained in paragraph 37 by incorporation.

38.     Answering paragraph 38, Defendant is not required to admit or deny legal conclusions.  Defendant admits that as an employer generally it was subject to the laws identified in paragraph 38, but denies that Plaintiff's employment was covered by each and every wage and hour law identified in paragraph 38.  Except as expressly admitted herein, Defendant denies each

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

and every other allegation contained therein.

39.   Answering paragraph 39, Defendant denies each and every allegation contained therein.

40.   Answering paragraph 40, Defendant denies each and every allegation contained therein.

41.   Answering paragraph 41, Defendant denies each and every allegation contained therein.

42.   Answering paragraph 42, Defendant admits that it was aware of the law.  Except as expressly admitted herein, Defendant denies each and every other allegation contained therein.

43.   Answering paragraph 43, Defendant denies each and every allegation contained therein.

44.   Answering paragraph 44, Defendant denies that Plaintiff is entitled to recover attorneys' fees or costs.  Defendant lacks sufficient information or belief upon which to admit or deny any remaining allegations in this paragraph, and on that basis denies each and every allegation contained therein.

## PRAYER

In response to Plaintiff's Prayer contained in the Complaint, Defendant denies that Plaintiff is entitled to any type of relief, including but not limited to special damages, penalties, liquidated damages, attorneys fees or costs, or interest.

## AFFIRMATIVE DEFENSES

Defendant further responds to the Complaint by stating that any allegation not expressly admitted herein is denied and, without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.   As a first affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   As a second affirmative defense, Defendant asserts that Plaintiff's Complaint, and

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

each purported cause of action therein, is barred in whole or in part by any and all applicable statutes of limitation, including but not limited to Cal. Civ. Proc. §§ 337, 338, 339, 340, Cal. Bus. & Prof. Code § 17208, and 29 U.S.C.A. §§ 216(c), 255.

### THIRD AFFIRMATIVE DEFENSE

3.      As a third affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant's actions were made in good faith and with reasonable grounds to believe its conduct was in full compliance with relevant regulations and laws.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, is barred because it is preempted by state and/or federal law.

### FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff failed to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

6.      As a sixth affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, is barred from any remedy, or certain remedies, under the doctrines of unclean hands, waiver, estoppel, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

7.      As a seventh affirmative defense, Defendant asserts that damages suffered by Plaintiff, if any, were directly or proximately caused by his own acts, omissions, carelessness or negligence and his recovery, if any, should be diminished to the extent that his alleged damages are attributable to his own acts, omissions, carelessness or negligence.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As an eighth affirmative defense, Defendant asserts that Plaintiff's Complaint and each purported cause of action therein, is barred in whole or in part because he failed to act

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

1  reasonably to mitigate his damages.

2  **NINTH AFFIRMATIVE DEFENSE**

3  9.     As a ninth affirmative defense, Defendant asserts that Plaintiff's Complaint and

4  each purported cause of action therein, is barred in whole or in part because Defendant's actions

5  were at all times privileged and/or justified.

6  **TENTH AFFIRMATIVE DEFENSE**

7  10.    As a tenth affirmative defense, Defendant asserts that Plaintiff's Complaint and each

8  purported cause of action therein, is barred in whole or in part because Plaintiff consented to

9  Defendant's alleged conduct.

10  **ELEVENTH AFFIRMATIVE DEFENSE**

11  11.    As an eleventh affirmative defense, Defendant asserts that Plaintiff's Complaint and

12  each purported cause of action therein, is barred in whole or in part by the doctrines of *res judicata*

13  and collateral estoppel.

14  **TWELFTH AFFIRMATIVE DEFENSE**

15  12.    As a twelfth affirmative defense, Plaintiff's claims are barred because Defendant's

16  employment decisions were made by means of Defendant's business judgment and not for any

17  unlawful purpose.

18  **THIRTEENTH AFFIRMATIVE DEFENSE**

19  13.    As a thirteenth affirmative defense, Plaintiff's Complaint, and each purported cause

20  of action therein, is barred on the grounds that the damages complained of, if any, were

21  proximately contributed to or caused by the carelessness, negligence, fault or defects created by

22  other parties in this action, or other persons or entities unknown at this time, and were not caused

23  by Defendant.

24  **FOURTEENTH AFFIRMATIVE DEFENSE**

25  14.    As a fourteenth affirmative defense, Plaintiff's Complaint, and each purported cause

26  of action therein, is barred to the extent that any unlawful or other wrongful acts were committed

27  by any person(s) employed by Defendant and such acts, if any, were outside the scope of their

28  authority and were neither authorized, ratified, nor condoned by Defendant, nor did Defendant

7

know or have reason to know of such conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     As a fifteenth affirmative defense, Defendant asserts that Plaintiff is not entitled to any penalty award under California or federal law provisions because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code or federal law but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     As a sixteenth affirmative defense, Defendant asserts that Plaintiff's Complaint, and each purported cause of action therein, is barred in whole or in part on the basis that Plaintiff's claims for nonpayment of overtime compensation and failure to provide meal and rest breaks are barred by virtue of his status as an exempt employee.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available defenses.  Defendant reserves the right to assert additional affirmative defenses in the event that additional investigation and discovery indicates that they would be appropriate.

///

///

///

///

///

///

///

///

///

///

///

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;

2.    That Defendant be awarded its costs of suit incurred in defense of this action;

3.    That Defendant be awarded its attorney's fees incurred in defense of this action, as provided by law; and

4.    For such other relief as the Court deems just and proper.

DATED:  November 5, 2012                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                   By:    /s/ Krystal N. LoPilato
                                          DANIELLE L. OCHS
                                          KRYSTAL N. LOPILATO
                                          Attorneys for Defendant
                                          GILBANE BUILDING COMPANY

13410475.1 (OGLETREE)

Case No.: CV12-02237YGR

**DEFENDANT GILBANE BUILDING COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT**